David ANGGALINO, Petitioner,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–71982.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Patrick O. Cantor, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Thankful T. Vanderstar, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

David Anggalino, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, and we review de novo legal determinations, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the harm Anggalino experienced in Indonesia was not severe enough to rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). Moreover, the evidence does not compel a finding that Anggalino faces a clear probability of future persecution, even as a member of a disfavored group. *See id.* at 1185. Accordingly, we deny the petition for review as to Anggalino's withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Anggalino failed to show it is more likely than not he would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

